Wilson, P. J.
This was a suit to foreclose a deed of trust which was executed on March 28, 1889, and was given to secure the payment of a note executed on the same date, and payable one year from its date. It was instituted by the administratrix of the holder of the note by assignment from the original payee therein and cestui que trust in the deed of trust. The payor of the note, and grantor in the deed of trust, died March 4, 1890. The note matured March 28, 1890, and no payment is claimed to have been made upon it at or after its maturity. Letters of administration upon the estate of the deceased payor of the note were issued on April 14, 1890. This suit was begun in December, 1897, more than six years after the maturity of the note. It appearing upon the face of the pleadings that an action upon the note was barred by the statute of limitations, the question vital to this case, which is presented for determination, is, was this action also barred by reason of that fact ?
The question is one of first impression in this state, and we have no statute which specially and in terms controls it. It seems to us, however, that the spirit and general policy of our-laws, as well as the decisions of our highest courts upon collateral questions which enter into and must control the answer to this main question, require that the answer-should be in the affirmative. In other jurisdictions where the question has arisen and been determined, there seems to be very considerable conflict of authority, but upon examination it will be found that this is very largely due to the difference in statutes in the various states. It appears to be generally held by the weight of authority, that in the absence of any controlling statute, in states, where like ours the distinction between actions at law and suits in equity is done away with, and where there is but one form of action, whether the cause of action be at law or in equity ; where there is no distinction between simple contracts and specialties; where the mortgage or deed of trust is security only, and does not give the *286 mortgagee or cestui que trust the present right of possession in default of payment, and where the debt evidenced by the note, 'if there be one, is the principal thing, and the mortgage or deed of trust is a mere incident to it, that an action to foreclose is barred when the note is barred, — that the statute of limitations applies equally to both. In Colorado, whether the form of security be a mortgage or a deed of trust, the debt is the principal thing, — the security is a mere incident. Denver, B. & M. Co. v. McAllister, 6 Colo. 261; Coler v. Barth, 24 Colo. 31, 38; Kenney v. Bank, 12 Colo. App. 24, 31. Both mortgages and deeds of trust being under seal, are specialties, but our six-year statute of limitations applies to specialties as well as to simple contracts. Toothaker v. City of Boulder, 13 Colo. 225. A deed of trust given as security for a debt is in legal effect but a mortgage. Barth v. Deuel, 11 Colo. 494; Pershing v. Wolfe, 6 Colo. App. 410. A mortgagee has a liemerely. P. & A. V. R. R. Co. v. Beshoar, 8 Colo. 33. In states where a mortgage is considered as a mere lien, a deed of trust is generally considered as nothing more than a lien. Barth v. Deuel, supra.
There is another consideration, however, which strongly sustains the views which we have expressed, and confirms the correctness of our opinion. Our statute of limitations, so far as it applies to the debt in this case, was substantially the same at the time of its adoption as the limitation statute of Illinois then was, and was presumably, like most of our earlier statutes, taken from the laws of that state. Both prior and subsequent to its enactment in Colorado, the courts of Illinois have uniformly held that it affected the mortgage security for a debt, as well as the debt itself, the latter being the principal and the former merely the incident, — that, where a note for the security of which a mortgage or deed of trust Was given, was barred by the statute of limitations, so that there could be no recovery thereon in an action at law, the right to foreclose the security was also barred. Harris v. Mills, 28 Ill. 44; Pollock v. Maison, 41 Ill. 516; Medley v. Elliott, 62 Ill. 533; Emory v. Keighan, 88 Ill. 482; McMillan *287 v. McCormic, 117 Ill. 79; Schifferstein v. Allison, 123 Ill. 665; Jones v. Lander, 21 Ill. App. 512. It is true that mortgages and deeds of trust were specifically mentioned in the limitation statutes of Illinois in 1872, but the courts held that though they were not specifically named in the limitation acts previous to that time, they were in fact included in such preceding limitation acts, as inseparable incidents to the debts named in the acts, the statute of 1872 being simply a declaration of what the law was, and had previously been. Schifferstein v. Allison, supra; McMillan v. McCormic, supra. The reasoning of these decisions commends itself to us with most persuasive forcé, and even though our statute may not have been taken from Illinois, we can see no difference which could prevent the application to it of the construction which the Illinois courts have given to their statutes. It seems to us in accord with both law and reason that whatever infirmity affects, and whatever statute is a bar to the principal, should affect and bar the incident, which exists only by reason of it. An action to foreclose a mortgage or deed of trust is simply in effect an action to collect the debt, to secure the payment of which was the sole purpose of its execution; and when the statute after the lapse of a certain time bars an action upon the debt for its collection, we believe it includes all actions seeking to effectuate that purpose.
There is no force in the contention that even though the doctrine which we have announced may be correct so far as concerns actions to foreclose mortgages, it cannot apply to actions to foreclose a deed of trust, as in this case, because a foreclosure of the latter could be had without suit, and because it conveys to, and vests in, the trustee, the legal title to the property. It is true that the legal title is so vested, but both the equitable title and the right to possession remain in the grantor, and no suit can be maintained to devest him of either, until both after condition broken, and a foreclosure and sale. Besides, in this instance, by the bringing of this suit, the holder of the note and of the indebtedness has elected to waive the right of sale by the trustee, which is the only *288 distinguishing feature between a deed of trust and a mortgage, and thereby to have the instrument treated as a mortgage. It must therefore in all respects be treated as such. The cestui que trust must accept the disadvantages and infirmities of the changed position, as well as the advantages and benefits. Denver, B. & M. Co. v. McAllister, supra.
Neither the provisions of section 4788, Mills’ Ann Stats., nor of the act of 1895 amendatory thereof, can afford plaintiff-relief, because there does not; appear to have been any effort to prove the claim of indebtedness against the estate of the deceased debtor, nor to have secured the permission of- the county court, if it were desired, to foreclose within one year. If the holder of the note lost his right to foreclose his security until the act of 1895 was adopted (Laws, 1895, p. 253), it was solely because of his own negligence, and he cannot by his own laches or inaction prevent the running of the statute. The bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim. Bauserman v. Blunt, 147 U. S. 657.
For the reasons given, the judgment will be affirmed.

Affirmed.